FILED

JAN 20  8 58 AM '00

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHARLES TERRIAN CAMP III                    ~~CIVIL~~ MSC ACTION

VERSUS                                       NO. 00-0096

MORGAN CITY, ET AL                           SECTION "C" (3)

### REPORT AND RECOMMENDATION

Plaintiff, Charles Camp, is presently incarcerated in the Morgan City Jail in Morgan City, Louisiana. Plaintiff filed this *pro se* complaint seeking damages pursuant to 42 U.S.C. § 1983 against Morgan City, as well as Morgan City Jail Correctional Officers Craig Verdine and Jason Anslam.[1] Plaintiff alleges that Officers Verdine and Anslam used excessive force against him and that the defendants were deliberately indifferent to his medical needs when they failed to treat his injuries.

Because Title 42, Section 1983 of the United States Code contains no specific venue provision, venue is determined under

---

[1] The undersigned has not ruled on plaintiff's pauper application. Consideration of the application is deferred to the receiving District Court.



DATE OF MAILING _____ JAN 2 4 2000

DATE OF ENTRY _____ JAN 2 4 2000



statute at 28 U.S.C. § 1391(b) provides in pertinent part as follows:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . ., or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Title 28, Section 1406(a) of the United States Code further allows transfer of a case by a district in which venue is wrong to another district or division in which venue is proper, if such transfer is in the interest of justice. In the instant matter, a substantial part of the events or omissions giving rise to this lawsuit occurred in St. Mary Parish, Louisiana, which is located within the geographical boundaries of the United States District Court for the Western District of Louisiana. Furthermore, independent research by this Court reveals that Craig Verdine and Jason Anslam reside in St. Mary Parish, in the Western District of Louisiana. Therefore, the interest of justice to all parties dictates that venue is proper in the Western District of Louisiana.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that the instant matter be **TRANSFERRED** to the United States District Court for the Western District of Louisiana.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's

report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. USAA</u>, 79 F. 3d 1415, 1430 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this 19 day of Jan, 2000.

_____
UNITED STATES MAGISTRATE JUDGE